United States District Court
Southern District of Texas
ENTERED
September 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FRANCISCO P.-R.,<br>"Petitioner,"<br><br>v.<br><br>WARDEN, Port Isabel Processing Center, *et al.*, *in their official capacities*,<br>"Respondents." | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00593 |

**ORDER**

Before this Court are Petitioner's "Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause" (Dkt. No. 1) ("Petition"); Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. No. 6) ("MTD"); and "Petitioner's Reply to Respondents' Response and Motion to Dismiss" (Dkt. No. 7) ("Reply").

By their MTD, Respondents notify the Court of Petitioner's removal from the United States pursuant to a grant of voluntary departure and seek dismissal of the Petition for lack of subject matter jurisdiction. *See generally* Dkt. No. 6. Petitioner opposes the MTD to the extent it suggests that his departure retroactively defeated the Court's habeas jurisdiction at the commencement of this action. Dkt. No. 7 at 3-5.

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition ***and*** that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (emphasis in original) (internal citations omitted). Thus, the "in custody" requirement and mootness present distinct inquiries: the former is determined at the time the petition is filed, while the latter asks whether subsequent events have eliminated the live controversy. *See id*. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Respondents' MTD appears to conflate these distinct inquiries. To the extent Respondents contend that Petitioner's post-filing departure retroactively defeated his satisfaction of the "in custody" requirement, *see* Dkt. No. 6 at 2-6, that contention is incorrect. That does not, however, end the jurisdictional inquiry. Because mootness implicates Article III's case-or-controversy requirement, the Court must consider whether subsequent events have rendered the Petition moot, irrespective of Respondents' characterization of the jurisdictional issue. [1]

They have. Petitioner challenges only the legality of his detention and seeks relief from that detention; he does not challenge the underlying removal proceedings or seek relief from any collateral consequences of his departure. *See* Dkt. No. 1 at 8-12. Because Petitioner has voluntarily departed and is no longer detained, the Court can no longer grant the relief sought in the Petition. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331-332 (5th Cir. 2014) (concluding that a petitioner's removal mooted her habeas petition where the asserted grounds for relief concerned only her detention). Accordingly, although the Court had habeas jurisdiction when Petitioner filed this action, his subsequent voluntary departure from the country has eliminated the live controversy and deprived the Court of subject matter jurisdiction.

For these reasons, the Court hereby **DISMISSES** the Petition (Dkt. No. 1) sua sponte. Respondents' MTD (Dkt. No. 10) is **DENIED as moot**. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this September 24, 2026

Rolando Olvera
United States District Judge

[1] Because mootness "is a jurisdictional matter [,]" courts are "obliged" to raise the issue "sua sponte", even absent proper invocation by a party. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).